## Chylak Estate

*Z. R. Bialkowski,* for petitioner.

*Maurice V. Cummings* and *Ralph Needle,* for respondent.

BRADY, P. J., February 10, 1956.—Testator, George Chylak, Sr., died January 23, 1953, a resident of the Borough of Olyphant, this county. His will was probated and letters testamentary were granted to his son, George Chylak, Jr., on January 29, 1953.

On November 23, 1955, the executor, joined by his sisters, Mary Chylak and Tillie C. Keller, filed a petition for a declaratory judgment, naming their brother, Nestor Chylak, respondent. The latter filed an answer substantially admitting the facts pleaded. The prayer for decree appears below in the discussion.

The will of the testator reads:

"OLYPHANT, PA. November 10th, 1952
"I, GEORGE CHYLAK, father-of-Mary-George Junior, Tillie and Nestor want my property and my belongings be divided equally among my four living children Mary, George Jr. Tillie and Nestor. In case any one of them die the share goes back into the Estate and the living children and from the rents, business or any other income I want my daughter Mary to get one hundred Dollars per month during her life time I appoint my Son George Jr. my Executor of the Estate
Signed: GEORGE CHYLAK"

At the time of his death testator was engaged in the restaurant business in partnership with his son Nestor. The business was conducted in part of a building owned by testator and situated at 113 Grant Ave-

nue, Borough of Olyphant, this county. The written articles of partnership provided, inter alia:

"Third: That the Restaurant License from the Liquor Control Board of Pennsylvania shall be taken out in the names of both parties hereto and yearly thereafter.

"Fifth: This partnership shall continue until terminated by agreement of the parties or the death of either one of them."

The name of the executor was added on the liquor license of the dissolved partnership following the death of testator for the purpose of protecting the interest of the estate of testator in the dissolved partnership.

Petitioner, as executor, is desirous of obtaining the money value of decedent's interest in the liquor license in order to administer the estate of testator properly. The liquidating partner, Nestor Chylak, is desirous of selling the liquor license without the consent and approval of the executor.

Respondent, Nestor Chylak, is in possession of a second floor apartment over a garage in the rear of 113 Grant Avenue, a part of the testator's real estate of which testator was seized at his death, and is also in possession of that part of the premises occupied by the dissolved partnership and restaurant business.

Respondent will not give up possession or pay rent for the real estate occupied by him to the petitioner as executor of the estate of testator.

Petitioner, as executor of the estate of his deceased father, George Chylak, Sr., requests the court to construe the will and determine whether he, as executor, has the right to demand possession of real property devised under the will to the exclusion of respondent, Nestor Chylak, one of the devisees; further, to determine whether Nestor Chylak, as liquidating partner of a restaurant business conducted with decedent, has a right to sell a liquor license of the dissolved partner-

ship without the consent and approval of the petitioning executor.

The provisions of the will, together with the difference in nature between real and personal property, have caused misunderstanding among the beneficiaries and the executor of their father's estate. The cooperation and understanding of all are needed to carry out faithfully their father's expressed intention. The testator favored all his children, but out of the income of his personal property bequeathed and the rents of his real estate devised to his four children: Mary Chylak, George Chylak, Jr. (petitioning executor), Nestor Chylak (respondent) and Tillie Chylak Keller, he directed an annuity of $100 per month be paid to Mary Chylak, one of the four children.

The annuity of Mary Chylak is a charge against the *income*, not the *corpus* of the property devised and bequeathed. No trust is created under the provisions of the will. The distinction made as to the passing of title between real and personal property in sections 103 and 104 of the Fiduciaries Act of April 18, 1949, P. L. 512, was to obviate difficulties arising from their different natures. Legal title to the real property under the will of the testator passed to the four children equally as tenants in common. Legal title to all personal property of the testator passed to the executor; only equitable title to the personal property, subject to liquidation and claims of creditors and the debts of decedent, passed equally to the four children.

Until an accounting by the executor and audit of decedent's estate the court cannot make distribution of the liquidated personal property to the four equal beneficiaries and decree provisions and security for payment of part or all of the income thereof to an amount of $100 per month for Mary Chylak, the annuitant. Payment of part or all of the annuity and of the rents of the real estate depends upon the rental

or use and occupation value, occupancy and relative factors in the real estate. But as of the death of decedent, title, rights of possession and rents of the real estate passed to the four children as equal tenants in common under the terms of the will, not to the executor.

Petitioner, *as executor*, and so far as possession and right to rents of the real estate under the terms of the will are involved, has not presented sufficient facts to support a decree for possession of the real estate, to the exclusion of Nestor Chylak, devisee and tenant in common of the real estate. Mary Chylak has a right to demand up to $100 per month from the rental or use and occupation value of the real estate from her cotenants in common, subject to any agreement among *all* of the tenants in common. See section 801, Fiduciaries Act of 1949, for appropriate remedy or relief towards payment of the annuity out of the real estate rents.

As to the controversy over the liquor license, it appears that petitioner, as executor of the testator's estate, had his name added to the license to protect the interest of the estate in the assets of the restaurant business being conducted by the testator and his son Nestor as partners at the time of the testator's death. The business was conducted in part of the real estate owned by the testator at 113 Grant Avenue, Borough of Olyphant, this county.

The addition of the executor's name to the license of the dissolved partnership was allowed by the Liquor Control Board, apparently to protect the interest of testator's estate in the partnership assets. But it is the right of the liquidating partner, Nestor Chylak, to wind up the affairs of the dissolved partnership and his duty and obligation to account to the executor and make distribution to the estate of his deceased father. There is a value in the right to transfer a liquor license, but such asset belongs to the partnership and properly

must be taken into account in winding up the affairs of the dissolved partnership. See Ryan's Estate, 375 Pa. 42.

In the instant controversy on the license, relief must be asked of the court having proper jurisdiction and notice given to the Liquor Control Board. It is a matter or controversy arising out of a dissolved partnership, and if it cannot be amicably and justly settled *either party* must request the court of common pleas to wind up the affairs of the partnership, not the orphans' court: Uniform Partnership Act of March 26, 1915, P. L. 18, 59 PS §99. But upon cause shown, at the audit of the executor's account, he would be liable to surcharge for imprudent action taken in the winding up of the partnership affairs to the detriment of the testator's estate.